## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

THE AMERICAN TRIAL LAWYERS ASSOCIATION, INC., )
)
)
Plaintiff, )
)
v. )    Civil Action No. 1:07cv1024-SRW
)
AMERICAN COLLEGE OF TRIAL LAWYERS, )
)
)
Defendant. )

## ANSWER & COUNTERCLAIM

For its answer to the Plaintiff's complaint, Defendant, American College of Trial Lawyers ("Defendant" or the "College"), states as follows:

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint. Accordingly, such allegations are denied.

2.     Defendant is an unincorporated association with its national office located in the State of California.

3.     Defendant admits that Plaintiff has attached to the Complaint as Exhibit A documents purporting to be Articles of Incorporation filed in the Probate Office of Jefferson County, Alabama.  Except as expressly admitted herein, the allegations in paragraph 2 of the Complaint are denied.

1

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint. Accordingly, such allegations are denied.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint. Accordingly, such allegations are denied.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint. Accordingly, such allegations are denied.

7.     Admitted.

8.     Defendant admits that the language quoted in paragraph 8 of the Complaint is contained in Defendant's cease and desist letter dated October 13, 2007. Defendant denies that the letter is quoted in its entirety in this paragraph of the Complaint.

9.     Denied.

10.    Defendant admits that Plaintiff filed three (3) applications for registration with the United States Patent and Trademark Office, all of which were refused on or about June 28, 2007. *See* United States Patent and Trademark Office Refusal To Register for Application No. 77135676 (attached as Exhibit A),

Application No. 77135190 (attached as Exhibit B) and Application No. 77135471 (attached as Exhibit C).

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint. Accordingly, such allegations are denied.

In further response to the Complaint, Defendant avers as follows:

### FIRST DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

Plaintiff's claims are barred under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure,

Defendant/Counterclaim-Plaintiff, American College of Trial Lawyers (the

"College") alleges the following counterclaim against Plaintiff/Counterclaim-

Defendant, The American Trial Lawyers Association, Inc.

### PARTIES

1.      The College is an unincorporated association with its headquarters in

the State of California.

2.      Upon information and belief, The American Trial Lawyers

Association, Inc. is an Alabama corporation with its principal place of business in

Alabama.

### JURISDICTION

3.      This Court has subject matter jurisdiction over this counterclaim

under 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution,

laws, or treaties of the United States.  The Court also has subject matter

jurisdiction under  15 U.S.C. § 1121, 28 U.S.C. § 1338 and 28 U.S.C. § 1367.

### FACTS

4.      The College, founded in 1950, is an honorary association comprised

of experienced trial lawyers in the United States and Canada.  The College, whose

membership is limited in number and selected by invitation only, is dedicated to

4

maintaining and improving the standards of trial practice, the administration of justice and the ethics of the profession.

5.    The College's name and trademark – AMERICAN COLLEGE OF TRIAL LAWYERS – is famous throughout the United States and embodies a tremendous amount of goodwill for the College.

6.    The name and mark AMERICAN COLLEGE OF TRIAL LAWYERS has been extensively and continually used and promoted by the College for many years.  Substantial amounts of time, effort and money have been expended over those years to ensure that the public associates this mark exclusively with the College.

7.    The College owns numerous trademark registrations for its famous mark, including, but not limited to, Registration Nos. 1,583,117 and 1,517,929, which are incontestable and constitute "conclusive evidence of the validity of the registered mark[s], of the registrant's ownership of the mark[s], and the registrant's exclusive right of use of the mark[s] in commerce under 15 U.S.C. § 1115.

8.    The College has been vigilant in protecting its interest in its mark, and has acted against the misuse of the mark by unauthorized third parties.

9.    Counterclaim-Defendant's use of the name "American Trial Lawyers Association" constitutes an infringement on the College's trademark and is so substantially similar as to create the likelihood of causing confusion.

10.    In 1972, judgment was entered in the State of California including a provision enjoining the entity then known as the American Trial Lawyers Association from using the name "American Trial Lawyers Association" or any other name confusingly similar to American College of Trial Lawyers as to create the likelihood of causing confusion between the American Trial Lawyers Association and the American College of Trial Lawyers.

11.    Counterclaim-Defendant previously filed three (3) applications for registration with the United States Patent and Trademark Office, all of which were refused on or about June 28, 2007.  *See* United States Patent and Trademark Office Refusal To Register for Application No. 77135676 (attached as Exhibit A), Application No. 77135190 (attached as Exhibit B) and Application No. 77135471 (attached as Exhibit C).

12.    On October 13, 2007, the College sent to Counterclaim-Defendant a letter demanding that Counterclaim-Defendant cease and desist from using the name "American Trial Lawyers Association."  Counterclaim-Defendant has failed to do so.

## COUNT I

13.    The College realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 12 of the Counterclaim.

14.    Counterclaim-Defendant's wrongful use of the College's marks and misappropriation of the name are likely to cause confusion as to sponsorship or authorization by the College, or alternatively, destroy the origin-identifying function of the College's marks. Counterclaim-Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act., 15 U.S.C. § 1114.

15.    As a proximate result of Counterclaim-Defendants' actions, the College has suffered and will continue to suffer great damage to its business, goodwill, reputation, and the strength of its trademarks. The injury to the College is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate the College for its injuries and the College lacks an adequate remedy at law.

16.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

17.    The College is entitled to a permanent injunction against Counterclaim-Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT II

18.     The College realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 17 of the Counterclaim.

19.     The name American College of Trial Lawyers, as used by the College in connection with its operation of an association for skilled and experienced trial lawyers, is a distinctive mark and has become associated with the College and thus exclusively identifies the College's membership and services.

20.     Because of Counterclaim-Defendant's wrongful use and appropriation of the mark, for virtually identical services aimed at trial lawyers and in the same channels of trade as the College, consumers are deceptively led to believe that The American Trial Lawyer Association originates with or is sponsored or otherwise approved by the College, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the College's marks are generic, thus destroying the goodwill and value the College has built with those marks.

21.     The foregoing acts and conduct by Counterclaim-Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8

22.    Counterclaim-Defendant's acts, as set forth above, have caused irreparable injury to the College's goodwill and reputation. The injury to the College is and continues to be ongoing and irreparable. An award of monetary damages along cannot fully compensate the College for its injuries and the College lacks an adequate remedy at law.

23.    The College is entitled to a permanent injunction against Counterclaim-Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**COUNT III**

24.    The College realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 23 of the Counterclaim.

25.    The College's marks are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

26.    The College has no control over the quality of Counterclaim-Defendant's web site, advertising and other promotional materials, its use of the name, The American Trial Lawyers Association, and its misappropriation of the name for virtually identical services aimed at trial lawyers and in the same channels of trade as the College. As a result of such use by Counterclaim

Defendant, the distinctive qualities of the College's marks are being and will continue to be diluted.

27.    Counterclaim-Defendant's marketing, use of and dissemination of materials containing the name The American Trial Lawyers Association is and will continue to result in the dilution of the distinctive nature of the College's marks through blurring or tarnishment, in violation of 15 U.S.C. § 1125(c).

28.    Counterclaim-Defendant's wrongful conduct constitutes an extreme threat to the distinctiveness of the marks that the College has expended great efforts to develop and maintain.

29.    The distinctive nature of the College's marks is of enormous value, and the College is suffering and will continue to suffer irreparable harm and blurring or tarnishment of the marks if Counterclaim-Defendant's wrongful conduct is allowed to continue.

30.    The College is entitled to a permanent injunction against Counterclaim-Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**WHEREFORE**, the College prays for judgment against Counterclaim-Defendant as follows:

(1)    That Counterclaim-Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Counterclaim-Defendant who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined from:

(a)    Using the name "The American Trial Lawyers Association" or any confusingly similar name or mark in connection with the promotion, marketing, advertising, public relations and/or operation of an organization or any other entity;

(b)    Diluting, blurring, tarnishing, passing off or falsely designating the origin of the College's marks, and from injuring the College's goodwill and reputation; and

(c)    Doing any other act or thing likely to induce the belief that Counterclaim-Defendant's businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by the College.

(2)    That this case be deemed an exceptional case under 15 U.S.C. §§ 1117 (a) and (b) and that Counterclaim-Defendant be deemed liable for and ordered to reimburse the College for its reasonable attorney's fees;

(3)    That the College recover its costs of court; and

(4)    That the College recover such further relief to which it may be entitled.

OF COUNSEL:

Samuel H. Franklin
William H. Brooks
**LIGHTFOOT, FRANKLIN & WHITE, LLC**
400 20th Street North
Birmingham, AL   35203
Telephone:   (205) 581-0700
Facsimile:   (205) 581-0799

*Attorneys for Defendant/Counterclaim-*
*Plaintiff*
*American College of Trial Lawyers*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2007, a true and correct copy of the foregoing was served by United States mail, postage prepaid, properly addressed to:

J. Keith Givens, Esq.
**COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C.**
163 West Main Street
Dothan, AL  35902

Of Counsel

13

Document Description: **Offc Action Outgoing**      Mail / Create Date: **28-Jun-2007**

| Previous Page | Next Page | You are currently on page 1 of 5 | |

| | |
|---|---|
| **To:** | The American Trial Lawyers Association (bniver@theATLA.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77135676 - THE AMERICAN TRIAL L - N/A |
| **Sent:** | 6/28/2007 12:14:27 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | Attachment - 1<br>Attachment - 2<br>Attachment - 3 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/135676

**MARK:** THE AMERICAN TRIAL L

**CORRESPONDENT ADDRESS:**
J. KEITH GIVENS
THE AMERICAN TRIAL LAWYERS
ASSOCIATION
163 WEST MAIN STREET
DOTHAN, AL 36302

**APPLICANT:**     The American Trial
Lawyers Association

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**
bniver@theATLA.com

# *77135676*

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 6/28/2007**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT
FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic
Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office



EXHIBIT
*A*

http://portal.uspto.gov/e                    ServletWindow?serialNumber=771356...   11/12/2007

actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

## Trademark Act Section 2(d) Refusal to Register

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. 1033400 and 1035037. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

A likelihood of confusion determination requires a two-part analysis. First the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The marks are essentially phonetic equivalents and are thus similar sounding. Similarity in sound alone may be sufficient to support a finding of likelihood of confusion. *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964 (TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.*, 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.*, 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

The applicant's mark, ATLA THE AMERICAN TRIAL LAWYERS ASSOCIATION (and design), is similar to the registered marks, ATLA because the dominant portion of the applicant's mark is identical to the registrant's mark. The literal portions of both marks are nearly identical in appearance, sound and meaning. The addition of the design element does not obviate the similarity between the marks in this case. *In re Shell Oil Company*, 992 F.2d 1204, 26 USPQ2d 1687 (Fed. Cir. 1993); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975); TMEP §1207.01(c)(ii).

Moreover, the applicant must disclaim the descriptive wording in the mark (The American Trial Lawyers Association). Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation*, 229 USPQ 709 (TTAB 1986).

## Services

The services of the parties are highly related. The applicant's services, namely "association services, namely, promoting the interests of lawyers" and "arranging and conducting educational conferences"

Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information:** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help:** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs:** *Please e-mail USPTO Contact Center (UCC).*

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**Print: Jun 28, 2007**                    **73047782**

**TYPED DRAWING**

**Serial Number**
73047782

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1035037

**Date Registered**
1976/03/02

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  107.  G & S: PROVIDING SE
AND MEETINGS FOR ATTORNEYS.  First Use: 1974/10/31.  First Use
Commerce: 1974/10/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

**Print: Jun 28, 2007**                              **73047783**

**TYPED DRAWING**

**Serial Number**
73047783

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1033400

**Date Registered**
1976/02/10

**Type of Mark**
COLLECTIVE MEMBERSHIP MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE. IC 200. US 200. G & S: INDICATING
MEMBERSHIP IN APPLICANT. First Use: 1974/12/31. First Use In
Commerce: 1974/12/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

[A262]

ATLA—American Trial Lawyers Association
Also known as the Association of American Trial Lawyers. Successor to National Association of Claimants Compensatio
plaintiffs' lawyers primarily engaged in the field of personal injury law. Through meetings, lectures, seminars, and publica
developed for the successful prosecution of their cases and the award of higher court judgments. Headquarters: Washin

| Document Description: **Offc Action Outgoing** | Mail / Create Date: **28-Jun-2007** |
|---|---|

| Previous Page | Next Page | You are currently on page 1 of 5 | |
|---|---|---|---|

**To:** The American Trial Lawyers Association (bniver@theATLA.com)

**Subject:** TRADEMARK APPLICATION NO. 77135190 - THE ATLA AND THE AME - N/A

**Sent:** 6/28/2007 12:13:45 PM

**Sent As:** ECOM103@USPTO.GOV

**Attachments:** Attachment - 1
Attachment - 2
Attachment - 3

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:    77/135190

MARK: THE ATLA AND THE AME

CORRESPONDENT ADDRESS:
   J. KEITH GIVENS
   THE AMERICAN TRIAL LAWYERS
ASSOCIATION
   163 WEST MAIN STREET
   DOTHAN, AL 36302

**\*77135190\***

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

APPLICANT:    The American Trial
Lawyers Association

CORRESPONDENT'S
REFERENCE/DOCKET NO:
   N/A
CORRESPONDENT E-MAIL ADDRESS:
   bniver@theATLA.com

### OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 6/28/2007**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office



EXHIBIT
B

actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

**Trademark Act Section 2(d) Refusal to Register**
Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. 1033400 and 1035037. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

A likelihood of confusion determination requires a two-part analysis. First the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.,* 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott Paper Co.,* 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*

The marks are essentially phonetic equivalents and are thus similar sounding. Similarity in sound alone may be sufficient to support a finding of likelihood of confusion. *RE/MAX of America, Inc. v. Realty Mart, Inc.,* 207 USPQ 960, 964 (TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.,* 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.,* 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

The applicant's mark, ATLA THE AMERICAN TRIAL LAWYERS ASSOCIATION (and design), is similar to the registered marks, ATLA because the dominant portion of the applicant's mark is identical to the registrant's mark. The literal portions of both marks are nearly identical in appearance, sound and meaning. The addition of the design element does not obviate the similarity between the marks in this case. *In re Shell Oil Company,* 992 F.2d 1204, 26 USPQ2d 1687 (Fed. Cir. 1993); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.,* 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975); TMEP §1207.01(c)(ii).

Moreover, the applicant must disclaim the descriptive wording in the mark (The American Trial Lawyers Association). Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.,* 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation,* 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.,* 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.,* 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.,* 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.,* 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation,* 229 USPQ 709 (TTAB 1986).

**Services**
The services of the parties are highly related. The applicant's services, namely "association services, namely, promoting the interests of lawyers" and "arranging and conducting educational conferences"

are closely related to the registrant's services, namely "providing seminars and meetings for attorneys" and the collective membership mark for "indicating membership in applicant." The services are likely to be encountered by the same class of people, namely, attorneys. Thus, confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion. Any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§ 1207.01(d)(i).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality:
**Disclaimer**
The applicant must disclaim the descriptive wording "THE AMERICAN TRIAL LAWYERS ASSOCIATION" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. Section 1056; TM sections 1213 and 1213.02(a). The wording is merely descriptive because the applicant is an associatio formed for the purposes of serving American trial lawyers. The wording describes the intended user of applicant's services and is therefore merely descriptive. See the attached excerpt from the examiner's search of Google describing the purpose of The American Trial Lawyers Association. *In re American Magen David for Israel*, 222 USPQ 266 (TTAB 1984); *In re Allen Electric and Equipment Company*, 1 USPQ 239 (TTAB 1972); *In re Gentex Corp,*151 USPQ 435 (TTAB 1966).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP section 1213.09(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use AMERICAN TRIAL LAWYERS ASSOCIATION apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Assistance**
Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

To expedite prosecution of this application, applicant is encouraged to file its response to this Office action through the Trademark Electronic Application System (TEAS), available at http://www.uspto.gov/teas/index.html.


/Gina C. Hayes/
Trademark Examining Attorney
Law Office 103
(571) 272-9407 (Direct Line)
(571) 273-9103 ( Law Office 112 fax)
<http://www.uspto.gov/teas/index.html> (file responses)
gina.hayes@uspto.gov (submit questions only)


**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's

Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**Print: Jun 28, 2007**                          **73047782**

**TYPED DRAWING**

**Serial Number**
73047782

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1035037

**Date Registered**
1976/03/02

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  107.  G & S: PROVIDING SE
AND MEETINGS FOR ATTORNEYS.  First Use: 1974/10/31.  First Use
Commerce: 1974/10/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

**Print: Jun 28, 2007**          **73047783**

**TYPED DRAWING**

**Serial Number**
73047783

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1033400

**Date Registered**
1976/02/10

**Type of Mark**
COLLECTIVE MEMBERSHIP MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE.  IC 200.  US  200.  G & S: INDICATING
MEMBERSHIP IN APPLICANT.  First Use: 1974/12/31.  First Use In
Commerce: 1974/12/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

http://www.ahtins.com/glossary/aaa/a262.htm      06/28/2007 12:04:29 PM

[A262]

**ATLA—American Trial Lawyers Association**
Also known as the Association of American Trial Lawyers. Successor to National Association of Claimants Compensatio
plaintiffs' lawyers primarily engaged in the field of personal injury law. Through meetings, lectures, seminars, and public:
developed for the successful prosecution of their cases and the award of higher court judgments. Headquarters: Washin

| Document Description: **Offc Action Outgoing** | Mail / Create Date: **28-Jun-2007** |

| Previous Page | Next Page | You are currently on page 1 of 5 | |

| **To:** | The American Trial Lawyers Association (bniver@theATLA.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77135471 - THE ATLA AND THE AME - N/A |
| **Sent:** | 6/28/2007 12:14:13 PM |
| **Sent As:** | ECOM103@USPTO.GOV |
| **Attachments:** | Attachment - 1 <br> Attachment - 2 <br> Attachment - 3 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:    77/135471

MARK: THE ATLA AND THE AME

# *77135471*

CORRESPONDENT ADDRESS:
   J. KEITH GIVENS
   THE AMERICAN TRIAL LAWYERS
ASSOCIATION
   163 WEST MAIN STREET
   DOTHAN, AL 36302

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    The American Trial
Lawyers Association

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
   N/A
**CORRESPONDENT E-MAIL ADDRESS:**
   bniver@theATLA.com

### OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 6/28/2007**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT
FEE:  TEAS Plus applicants should submit the following documents using the Trademark Electronic
Application System (TEAS) at http://www.uspto.gov/teas/index.html:  (1) written responses to Office



actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

Trademark Act Section 2(d) Refusal to Register
Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. 1033400 and 1035037. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 et seq. See the enclosed registration.

A likelihood of confusion determination requires a two-part analysis. First the marks are compared for similarities in appearance, sound, connotation and commercial impression. In re E. I. DuPont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re Int'l Tel. and Tel. Corp., 197 USPQ 910 (TTAB 1978); Guardian Prods. Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 et seq.

The marks are essentially phonetic equivalents and are thus similar sounding. Similarity in sound alone may be sufficient to support a finding of likelihood of confusion. RE/MAX of America, Inc. v. Realty Mart, Inc., 207 USPQ 960, 964 (TTAB 1980); Molenaar, Inc. v. Happy Toys Inc., 188 USPQ 469 (TTAB 1975); In re Cresco Mfg. Co., 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv).

The applicant's mark, ATLA THE AMERICAN TRIAL LAWYERS ASSOCIATION (and design), is similar to the registered marks, ATLA because the dominant portion of the applicant's mark is identical to the registrant's mark. The literal portions of both marks are nearly identical in appearance, sound and meaning. The addition of the design element does not obviate the similarity between the marks in this case. In re Shell Oil Company, 992 F.2d 1204, 26 USPQ2d 1687 (Fed. Cir. 1993); Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc., 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975); TMEP §1207.01(c)(ii).

Moreover, the applicant must disclaim the descriptive wording in the mark (The American Trial Lawyers Association). Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. In re Dixie Restaurants Inc., 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); In re National Data Corporation, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and In re Appetito Provisions Co. Inc., 3 USPQ2d 1553 (TTAB 1987). See also Hewlett-Packard Co. v. Packard Press Inc., 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); Tektronix, Inc. v. Daktronics, Inc., 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); In re El Torito Rests. Inc., 9 USPQ2d 2002 (TTAB 1988); In re Equitable Bancorporation, 229 USPQ 709 (TTAB 1986).

Services
The services of the parties are highly related. The applicant's services, namely "association services, namely, promoting the interests of lawyers" and "arranging and conducting educational conferences"

are closely related to the registrant's services, namely "providing seminars and meetings for attorneys" and the collective membership mark for "indicating membership in applicant." The services are likely to be encountered by the same class of people, namely, attorneys. Thus, confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion. Any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informality:

**Disclaimer**
The applicant must disclaim the descriptive wording "THE AMERICAN TRIAL LAWYERS ASSOCIATION" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. Section 1056; TM sections 1213 and 1213.02(a). The wording is merely descriptive because the applicant is an associatio formed for the purposes of serving American trial lawyers. The wording describes the intended user of applicant's services and is therefore merely descriptive. See the attached excerpt from the examiner's search of Google describing the purpose of The American Trial Lawyers Association. *In re American Magen David for Israel*, 222 USPQ 266 (TTAB 1984); *In re Allen Electric and Equipment Company*, 1 USPQ 239 (TTAB 1972); *In re Gentex Corp*, 151 USPQ 435 (TTAB 1966).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP section 1213.09(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use AMERICAN TRIAL LAWYERS ASSOCIATION apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Assistance**
Applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the trademark examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number. 37 C.F.R. §2.194(b)(1); TMEP §302.03(a).

To expedite prosecution of this application, applicant is encouraged to file its response to this Office action through the Trademark Electronic Application System (TEAS), available at http://www.uspto.gov/teas/index.html.


/Gina C. Hayes/
Trademark Examining Attorney
Law Office 103
(571) 272-9407 (Direct Line)
(571) 273-9103 ( Law Office 112 fax)
<http://www.uspto.gov/teas/index.html> (file responses)
gina.hayes@uspto.gov (submit questions only)


**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's

Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

**NOTE:** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

**Print: Jun 28, 2007**                          **73047782**

**TYPED DRAWING**

**Serial Number**
73047782

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1035037

**Date Registered**
1976/03/02

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE. IC 041. US 107. G & S: PROVIDING SE
AND MEETINGS FOR ATTORNEYS. First Use: 1974/10/31. First Use
Commerce: 1974/10/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

**Print: Jun 28, 2007**                          **73047783**

**TYPED DRAWING**

**Serial Number**
73047783

**Status**
REGISTERED AND RENEWED

**Word Mark**
ATLA

**Standard Character Mark**
No

**Registration Number**
1033400

**Date Registered**
1976/02/10

**Type of Mark**
COLLECTIVE MEMBERSHIP MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
AMERICAN ASSOCIATION FOR JUSTICE CORPORATION D.C. 1050 31ST STR
WASHINGTON D.C. 20007

**Goods/Services**
Class Status -- ACTIVE.  IC 200.  US  200.  G & S: INDICATING
MEMBERSHIP IN APPLICANT.  First Use: 1974/12/31.  First Use In
Commerce: 1974/12/31.

**Filing Date**
1975/03/26

**Examining Attorney**
UNKNOWN

**Attorney of Record**
GEORGE M BORABABY

[A262]

**ATLA—American Trial Lawyers Association**
Also known as the Association of American Trial Lawyers. Successor to National Association of Claimants Compensatio
plaintiffs' lawyers primarily engaged in the field of personal injury law. Through meetings, lectures, seminars, and publica
developed for the successful prosecution of their cases and the award of higher court judgments. Headquarters: Washin